UNITED STATES, Appellee

v.

Joey M. GALLAGHER, Gunnery Sergeant
U.S. Marine Corps, Appellant

No. 07-0527

Crim. App. No. 200400151

United States Court of Appeals for the Armed Forces

Argued February 27, 2008

Decided May 13, 2008

RYAN, J., delivered the opinion of the Court, in which
EFFRON, C.J., and BAKER, ERDMANN, and STUCKY, JJ., joined.


Counsel

For Appellant:  William E. Cassara, Esq. (argued);
Lieutenant Brian D. Korn, JAGC, USN (on brief); Major
Jeffery S. Stephens, USMC.

For Appellee:  Major Brian K. Keller, USMC (argued);
Commander P. C. LeBlanc, JAGC, USN.

Amicus Curiae for Appellant:  Matthew W. Kuskie (law
student) (argued); Joseph Zengerle, Esq. (supervising
attorney) (on brief) -- for the George Mason University
School of Law.

Military Judge:  T. A. Daly


**THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.**

United States v. Gallagher, 07-0527/MC

Judge RYAN delivered the opinion of the Court.

Today we are asked the question whether, when one spouse consents to a search of the entire house, the apparent authority doctrine extends that consent to an androgynous, unmarked, unlocked, briefcase kept in a common area of the home, which could reasonably hold the object of the search.  Based on the facts of this case, we hold that it was not objectively unreasonable for the officer to believe the consent to search the home extended to the briefcase, and the apparent authority doctrine applies.  Because Appellant's wife had apparent authority to consent to the search, the military judge did not abuse his discretion in admitting the evidence found in the briefcase during the permissive search or the evidence based on the derivative seizure and subsequent command authorized search of Appellant's computer.[1]

## I.  Facts

A general court-martial, composed of officer and enlisted members, convicted Appellant, contrary to his

---

[1] We heard oral argument in this case at George Mason University School of Law, Arlington, Virginia, as part of the Court's "Project Outreach."  See United States v. Mahoney, 58 M.J. 346, 347 n.1 (C.A.A.F. 2003).  This practice was developed as part of a public awareness program to demonstrate the operation of a federal court of appeals and the military justice system.

pleas, of two specifications of possession of child pornography under 18 U.S.C. § 2252, and one specification of violating South Carolina's "Peeping Tom" statute, S.C. Code. Ann. § 16-17-470, in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934 (2000).  The sentence adjudged by the court-martial and approved by the convening authority included a dishonorable discharge, reduction to the lowest enlisted grade, forfeitures of all pay and allowances, and confinement for thirteen years.  The Navy-Marine Corps Court of Criminal Appeals affirmed the findings and sentence.  United States v. Gallagher, 65 M.J. 601, 611 (N-M. Ct. Crim. App. 2007). On Appellant's petition, we granted review of two issues:

> I.  WHETHER THE NAVY-MARINE CORPS COURT OF CRIMINAL APPEALS ERRED BY FINDING THAT THE SEARCH OF APPELLANT'S CLOSED BRIEFCASE, LOCATED IN THE GARAGE OF APPELLANT'S HOME, DID NOT EXCEED THE SCOPE OF HIS WIFE'S CONSENT TO SEARCH THE AREAS OF THE HOME OVER WHICH SHE HAD ACTUAL OR APPARENT AUTHORITY.

> II.  WHETHER THE NAVY-MARINE CORPS COURT OF CRIMINAL APPEALS ERRED BY HOLDING THAT THE EVIDENCE OF THE CONTENT OF APPELLANT'S COMPUTER HARDDRIVE WAS PROPERLY ADMITTED AND WAS NOT THE PRODUCT OF AN UNLAWFUL SEARCH.

Appellant was accused of attempting to place a video camera in the bedroom of an eleven-year-old neighbor. Based on this accusation, Naval Criminal Investigative Service (NCIS) conducted a permissive search of Appellant's

home.   During the search, the NCIS agents discovered child pornography in an unlocked briefcase in Appellant's den. Based on this evidence the agents seized Appellant's computer, which they later searched pursuant to a search authorization.

At trial, Appellant moved to suppress the evidence found in the briefcase based on the fact that has wife did not have authority to consent to the search of the briefcase.  Appellant also moved to suppress the evidence found on his computer, as he claimed the search authorization was based on and derivative of the evidence discovered in the briefcase.  The military judge conducted a hearing to determine whether the evidence was admissible.

At the hearing the military judge heard testimony from Appellant's wife and the NCIS agents who had conducted the search.  Based on that testimony the military judge concluded that Appellant's wife, Mrs. Gallagher, had consented to the search.  He found that the agents introduced themselves and explained to Mrs. Gallagher that an accusation had been made that Appellant had acted inappropriately with a child.  The military judge found that the agents explained to Mrs. Gallagher that they were there to search the house for videotapes or pictures related to the case and asked her for her permission to do

4

so.  He also determined that the agents presented Mrs.
Gallagher with a Department of the Navy Permissive
Authorization for Search and Seizure (PASS) form, which she
signed.  The form specifically allowed the agents to search
for and remove from the home "any property or papers found
during the search which are desired for investigative
purposes."

The military judge found that the NCIS agents searched
the entire house, looking for pictures and videotapes.
Mrs. Gallagher would come in and out of the rooms being
searched, but never objected to the search.  Eventually,
the agents made their way to the home's attached garage,
which had been converted into a den.  The military judge
found that the room was used by the entire family and
contained a couch, television, wet bar, refrigerator, and
freezer.  In the garage, in between the refrigerator and
freezer, the Agents discovered a burgundy briefcase with
two latch locks.  The military judge found that nothing
external to the briefcase indicated to whom it belonged.
One of the agents picked up the briefcase and discovered
that the tumblers on each latch were zeroed.  The agent was
able to open the briefcase by pushing on both latch buttons

at the same time without manipulating the tumblers.[2]  Upon inspection of the briefcase's contents, the agent discovered child pornography.  Based on the child pornography found in the briefcase the agents seized Appellant's home computer.  Later, the agents obtained a command authorization to search the computer, which also contained child pornography.

From these facts, which Appellant does not contest, the military judge concluded that Mrs. Gallagher had common authority over the home and was therefore able to consent to a search of the home and containers contained therein. The conclusion that Mrs. Gallagher's actual authority to consent to the search of the home extended to the search of the briefcase was made despite Mrs. Gallagher's testimony that she had never opened Appellant's briefcase and that the briefcase was the exclusive domain of Appellant.  The military judge further held that the evidence obtained from the briefcase was admissible under the apparent authority doctrine, as no facts adduced at the hearing tended to show that the agents should have reasonably known that the briefcase was the exclusive property of Appellant's.

---

[2] A forensic analysis of the briefcase prior to trial determined that it was a standard Chinese-made briefcase from an unknown manufacturer.  The examiners determined that while one of the locks was not functional, neither had been forced.

6

United States v. Gallagher, 07-0527/MC

Having held that the evidence from the briefcase was admissible, the military judge rejected the argument that the search authorization for the computer, which was based on the contents of the briefcase, was tainted and held that evidence found in the computer was also admissible.

On appeal, the CCA did not address the issue of Mrs. Gallagher's actual authority to consent to the search of the briefcase, but held that the evidence found in the briefcase was admissible under the apparent authority doctrine because the NCIS agents reasonably relied on Mrs. Gallagher's consent to the search of the home, regardless of her actual authority to consent to the search of the briefcase. Gallagher, 65 M.J. at 607-08. The CCA also determined that the search of the computer was derivative of the search of the briefcase and was admissible. Id. at 608.

## II. Analysis

This Court reviews a military judge's ruling on a motion to suppress evidence for an abuse of discretion. United States v. Khamsouk, 57 M.J. 282, 286 (C.A.A.F. 2002). It reviews findings of fact for clear error and conclusions of law de novo. United States v. Flores, 64 M.J. 451, 454 (C.A.A.F. 2007).

United States v. Gallagher, 07-0527/MC

We agree with the parties that the military judge's findings of fact, from which the facts above are drawn, are not clearly erroneous.  The question before us is whether the legal conclusion that Mrs. Gallagher had apparent authority to consent to the search of the briefcase was an abuse of discretion.[3]  We hold that it was not.[4]

Ordinarily the search of a home, to include a search of items, such as a briefcase within the home, is prohibited in the absence of a warrant.  U.S. Const. amend. IV.  "The prohibition does not apply, however, to situations in which voluntary consent has been obtained."  Illinois v. Rodriguez, 497 U.S. 177, 181 (1990).  Valid consent to search can be provided, under some circumstances, by a third party.  United States v. Rader, 65 M.J. 30, 32 (C.A.A.F. 2007); see also United States v. Matlock, 415 U.S. 164, 170-71 (1974); Frazier v. Cupp, 394 U.S. 731, 740 (1969); United States v. Reister, 44 M.J.

---

[3] Because the CCA decided the case on the basis of apparent authority, we review the case on that basis, and need not reach the issue whether actual authority to consent to the search of the home extended to the briefcase under the facts of this case.

[4] As the parties recognize, the admissibility of the contents of the computer turns on whether the search of the briefcase was lawful.  Wong Sun v. United States, 371 U.S. 471, 487-88 (1963); Nardone v. United States, 308 U.S. 338, 341 (1939).  Having held that the initial search of the briefcase was lawful, we affirm the CCA's holding that the contents of the computer were likewise admissible.

409, 414 (C.A.A.F. 1996); United States v. Clow, 26 M.J. 176, 183 (C.M.A. 1988); Military Rule of Evidence (M.R.E.) 314(e)(2).

As the CCA recognized, Gallagher, 65 M.J. at 606, and we recently reiterated, "[a] third party has authority to consent to a search when he possesses common authority over or other sufficient relationship to the premises or effects sought to be inspected." Rader, 65 M.J. at 32 (citation and quotation marks omitted).

A search may be reasonable under the Fourth Amendment even though the person purporting to give consent lacks actual authority to consent, if, viewed objectively, "the facts available to the officer at the moment [would] warrant a man of reasonable caution [to believe] that the consenting party had authority over the premises" or effects. Rodriguez, 497 U.S. at 188 (internal citations and quotation marks omitted). The scope of the apparent authority depends on whether it was objectively unreasonable under the circumstances for law enforcement to believe that the consent extended to a particular container on the premises, and the container could reasonably hold the object of the search. Florida v. Jimeno, 500 U.S. 248, 251 (1991). While the scope of consent to search may be delimited by the consenter, if consent "would reasonably be

understood to extend to a particular container, the Fourth Amendment provides no grounds for requiring a more explicit authorization." Id. at 252. Taken together, these Supreme Court rulings stand for the proposition that absent evidence tending to show that an officer should have known that the closed container was not under the authority of person who consented to the search, the search of a closed container belonging to a third party will be deemed reasonable. United States v. Melgar, 227 F.3d 1038, 1041-42 (7th Cir. 2000).

No one suggests that the items for which consent to search was granted -- pictures and videotapes -- could not easily fit within a briefcase. And, in this case, Appellant concedes that his wife had actual authority to consent to the search of the home, to include any space over which they exercised joint control, for videotapes and pictures. Nonetheless, he asks us to disaggregate that authority from any authority to consent to the search of the briefcase. We decline that invitation under the facts of this case, and hold that the military judge did not abuse his discretion denying the motion to suppress on the ground that Mrs. Gallagher had apparent authority to consent to the search of the briefcase.

Appellant argues that law enforcement's reliance on Mrs. Gallagher's consent to search the home for consent to search the briefcase was unreasonable -- because it was a briefcase: "the police searched an item [(a briefcase)] that was quintessentially one which would be owned by a service member or other professional." This argument is unpersuasive.

In this case, the military judge noted that there was nothing to indicate that common authority over the briefcase had been withheld. It was kept in a common area and opened without manipulation of the tumblers. Moreover, the military judge concluded that the NCIS agent who discovered the briefcase was reasonable in relying on Mrs. Gallagher's consent to search the home, which was not limited in any way, because he "possessed no facts that reasonably should have caused him to believe the briefcase was the exclusive domain of the accused. In fact, it would have been just as reasonable to conclude the briefcase was primarily used by Mrs. Gallagher."[5]

---

[5] This finding is supported not only by the location of the briefcase and the lack of any exterior markings from which ownership would be discernable, but also by the fact that not every Marine carries a briefcase, and the fact that Mrs. Gallagher also worked as a manager of a video store, and had informed the agents that she was getting ready for work when they arrived. These facts are in marked contrast to cases like United States v. Welch, 4 F.3d 761, 765 (9th

Our review of the record leads us to a similar conclusion and, in any event, the military judge applied the correct legal analysis and his findings of fact are supported by the record.  We agree with the CCA that it was objectively reasonable, given the androgynous, unmarked, nature of the briefcase, and given its location in a common area of the home, for law enforcement to "conclude that the general consent given by Mrs. Gallagher to search the house for videotapes and pictures included valid consent to search unlocked containers which might hold such evidence. . . ."  Gallagher, 65 M.J. at 606-07.

### III.  Decision

The decision of the United States Navy-Marine Corps Court of Criminal Appeals is affirmed.

---

Cir. 1993), United States v. Salinas-Cano, 959 F.2d 861, 864-66 (10th Cir. 1992), and United States v. Whitfield, 939 F.2d 1071, 1075 (D.C. Cir. 1991), where there was either indicia of ownership or facts known to law enforcement which put them on notice that ownership of the item to be searched was in question.