UNITED STATES, Appellee

v.

Webster M. SMITH, Cadet
U.S. Coast Guard, Appellant

No. 08-0719

Crim. App. No. 1275

United States Court of Appeals for the Armed Forces

November 10, 2009

March 29, 2010

STUCKY, J., delivered the judgment of the Court, in which RYAN, J., joined.  BAKER, J., filed a separate opinion concurring in the result.  ERDMANN, J., filed a separate opinion concurring in part and dissenting in part, in which EFFRON, C.J., joined.


Counsel


For Appellant:  Ronald C. Machen, Esq. (argued); Commander Necia L. Chambliss, Will L. Crossley, Esq., and Daniel S. Volchok, Esq. (on brief); Lieutenant Robert M. Pirone and Stuart F. Delery, Esq.

For Appellee:  Lieutenant Emily P. Reuter (argued); Commander Stephen P. McCleary, Lieutenant Commander Brian K. Koshulsky, and Lieutenant Alfred J. Thompson.

Military Judge:  Brian M. Judge


THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.

United States v. Smith, No. 08-0719/CG

Judge STUCKY delivered the judgment of the Court.

At trial, the military judge limited Appellant's cross-examination of Cadet SR, the Government's only witness on his three convictions related to sexual misconduct.  We granted review to decide whether Appellant was denied his right to confront his accuser on those three specifications.  We hold that Appellant was not denied his right to confront his accuser, and affirm.

I.

A general court-martial consisting of members convicted Appellant, contrary to his pleas, of attempting to disobey an order, going from his place of duty, sodomy, extortion, and indecent assault.  Articles 80, 86, 125, 127, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 880, 886, 925, 927, 934 (2006).  The convening authority approved the sentence the members adjudged:  a dismissal, confinement for six months, and forfeiture of all pay and allowances.  The United States Coast Guard Court of Criminal Appeals affirmed on April 9, 2008.  United States v. Smith, 66 M.J. 556, 563 (C.G. Ct. Crim. App. 2008).  Appellant filed a motion for reconsideration which was denied on May 14, 2008.  Appellant petitioned this Court for review on July 14, 2008.

2

II.

As a preliminary matter, the Government contends that Appellant's petition for review was not timely filed, and that therefore the grant of review should be dismissed as improvidently granted. Article 67(b), UCMJ, 10 U.S.C. § 867(b) (2006), provides that an accused has sixty days to petition this Court for review from the earlier of "(1) the date on which the accused is notified of the decision of the Court of Criminal Appeals; or (2) the date on which a copy of the decision . . . ., after being served on appellate counsel of record for the accused . . . is deposited in the United States mails for delivery by first class certified mail to the accused." In United States v. Rodriguez, we held that the sixty-day statutory period for filing petitions for review was jurisdictional and could not be waived. 67 M.J. 110, 116 (C.A.A.F. 2009).

Before filing a petition for review at this Court, Appellant timely sought reconsideration of the CCA's decision. Until the CCA rendered a decision on the reconsideration request, either by denying reconsideration or by granting reconsideration and rendering a new decision, there was no CCA decision for this Court to review. We hold that Appellant's sixty-day period for filing at this Court began on the date the defense was formally notified, under the provisions of Article 67(b), UCMJ, of the CCA's decision on reconsideration. The

3

evidence of record does not support the Government's contention that the appeal was untimely filed.

### III.

Appellant and Cadet SR were cadets at the United States Coast Guard Academy. During the summer of 2005, Cadet SR and Appellant were assigned to neighboring Coast Guard cutters in Norfolk, Virginia. While there, Cadet SR committed an indiscretion that could have jeopardized her ranking as a cadet and threatened her Coast Guard career. Shortly thereafter, Appellant sent her a text message saying that he hoped the rumors he was hearing were not true. Cadet SR discussed the situation with Appellant but lied about some of the details. Appellant "said he'd try to squash rumors, and that it would be okay."

In October of that year, after both had returned to the Academy, Appellant notified Cadet SR that the rumors were persisting. She then truthfully disclosed the details of her indiscretion. Appellant said he would continue to try to suppress the rumors, but that he needed motivation to do so. Appellant denied he was seeking sexual favors but suggested the couple take a photograph of themselves naked together to build "trust in one another." After the photo, Appellant left but returned to her room later that evening. On this occasion, he

4

inserted his fingers in her vagina and placed his tongue on her clitoris.  Cadet SR then performed fellatio on him.

IV.

Appellant alleged that Cadet SR's indiscretion involved engaging in sex with an enlisted member and, pursuant to Military Rule of Evidence (M.R.E.) 412(c)(1), Appellant moved to admit evidence of this prior sexual conduct.  That rule provides that "[e]vidence offered to prove that any alleged victim engaged in other sexual behavior" is not generally admissible.  M.R.E. 412(a)(1).  However, "evidence the exclusion of which would violate the constitutional rights of the accused" is admissible.  M.R.E. 412(b)(1)(C).

During a closed hearing conducted pursuant to M.R.E. 412(c)(2), Appellant testified that in May 2005 Cadet SR told him that she had had nonconsensual sexual encounters with an enlisted member, but that in October 2005 she admitted that those sexual encounters had actually been consensual.  Cadet SR invoked her right against self-incrimination and did not testify at the hearing.  Appellant argued that he should be allowed to question Cadet SR about the encounters for "the specific purpose of establishing a pattern of lying about sexual events."

The military judge sustained the Government's objection to the admission of this evidence, but allowed the "members [to] be informed that [Cadet SR's] secret was information that if

revealed could have an adverse impact on her Coast Guard career, including possibly disciplinary action under the UCMJ." The CCA affirmed this decision. Smith, 66 M.J. at 560-61. Appellant asserts that the military judge erred in not admitting the sexual nature of Cadet SR's indiscretion, and requests that we set aside his convictions for extortion, sodomy, and indecent acts.

V.

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. The right to confrontation includes the right of a military accused to cross-examine adverse witnesses. See United States v. Clayton, 67 M.J. 283, 287 (C.A.A.F. 2009). Uncovering and presenting to court members "a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." Davis v. Alaska, 415 U.S. 308, 316 (1974) (citation omitted). "Through cross-examination, an accused can 'expose to the jury the facts from which jurors . . . could appropriately draw inferences relating to the reliability of the witness.'" United States v. Collier, 67 M.J. 347, 352 (C.A.A.F. 2009) (quoting Davis, 415 U.S. at 318).

Typically, we review a military judge's decision to admit or exclude evidence for an abuse of discretion. See United States v. Weston, 67 M.J. 390, 392 (C.A.A.F. 2009). We have also applied the abuse of discretion standard to alleged violations of the Sixth Amendment Confrontation Clause. United States v. Moss, 63 M.J. 233, 236 (C.A.A.F. 2006); United States v. Israel, 60 M.J. 485, 488 (C.A.A.F. 2005).

Appellant has the burden under M.R.E. 412 of establishing his entitlement to any exception to the prohibition on the admission of evidence "offered to prove that any alleged victim engaged in other sexual conduct." United States v. Banker, 60 M.J. 216, 218, 223 (C.A.A.F. 2004) (citation omitted). To establish that the excluded evidence "would violate the constitutional rights of the accused," M.R.E. 412(b)(1)(C), an accused must demonstrate that the evidence is relevant, material, and favorable to his defense, "and thus whether it is 'necessary.'" Id. at 222 (quoting United States v. Williams, 37 M.J. 352, 361 (C.M.A. 1993)). The term "'favorable'" as used in both Supreme Court and military precedent is synonymous with "'vital.'" Id. (quoting United States v. Valenzuela-Bernal, 458 U.S. 858, 867 (1982); United States v. Dorsey, 16 M.J. 1, 8 (C.M.A. 1983)).

Appellant contends that his inability to cross-examine Cadet SR about the nature of the secret affected his convictions

7

for sodomy, extortion, and committing an indecent act.  We conclude that further cross-examination of Cadet SR was not "constitutionally required."  Assuming arguendo that the exact nature of the indiscretion -- that it involved consensual sexual relations with an enlisted member -- was relevant, it was neither material nor vital to Appellant's defense.

Testimony is material if it was "'of consequence to the determination of' appellant's guilt."  Dorsey, 16 M.J. at 6 (quoting M.R.E. 401).  In determining whether evidence is of consequence to the determination of Appellant's guilt, we "consider the importance of the issue for which the evidence was offered in relation to the other issues in this case; the extent to which this issue is in dispute; and the nature of other evidence in the case pertaining to this issue."  Id. (citation omitted).  In this case, the evidence was offered on a significant issue, the alleged victim's credibility, which was in dispute.  Nevertheless, knowledge of the exact nature of her indiscretion in relation to the other issues in the case was not important.  The military judge allowed Appellant to present a fairly precise and plausible theory of bias, i.e., that she lied to preserve a secret which "if revealed could have an adverse impact on her Coast Guard career, including possibly disciplinary action under the UCMJ."  While Cadet SR's credibility was in contention, it is unclear why the lurid

nuances of her sexual past would have added much to Appellant's extant theory of fabrication.

Nor is cross-examining Cadet SR about her sexual past "'vital'" under Banker, 60 M.J. at 222 (quoting Valenzuela-Bernal, 458 U.S. at 867; Dorsey, 16 M.J. at 8)). The "vital" issue is not whether Cadet SR engaged in consensual sex with an enlisted member or whether she lied to Appellant about it, but rather whether she lied about an important issue that would impeach her credibility. Cadet SR admitted that she had been in a "situation" that could have jeopardized her career and her ranking as a cadet; that the "situation" was in violation of cadet regulations and possibly a violation of the UCMJ; and that she initially lied to Appellant about the "situation." All of this was before the members. The military judge did not abuse his discretion; he provided Appellant what he was due under the Confrontation Clause: an opportunity to impeach the complainant's credibility.

Finally, Appellant argues that Cadet SR's past indiscretion and her lies about it gave her similar motive to lie about her relationship with Appellant. We decline to embrace such a broad, cumulative reading of M.R.E. 412 and its case law. Even according to Appellant's own theory, Cadet SR lied about her sexual past to protect herself, not a relationship with another, unlike United States v. Williams, 37 M.J. 352 (C.M.A. 1993), or

9

Olden v. Kentucky, 488 U.S. 227 (1988).  This is not a case like Collier in which the appellant asserted she was framed for larceny by her gay lover after the breakup of the relationship. 67 M.J. at 351.  Nor does this case involve recent extramarital sex or rejection and invective which might have caused the victim to falsely claim rape, as in Dorsey, 16 M.J. at 6.  To the extent Appellant might have tried to introduce some nonsexual aspects of his theory of bias via M.R.E. 608(c), he failed to frame or raise this issue as such at trial.

## VI.

The decision of the United States Coast Guard Court of Criminal Appeals is affirmed.

United States v. Smith, No. 08-0719/CG

BAKER, Judge (concurring in the result):

I concur in the result. In my view, this case is governed by United States v. Banker, 60 M.J. 216, 225 (C.A.A.F. 2004). In Banker, we concluded that in the context of Military Rule of Evidence (M.R.E.) 412, it is "within the judge's discretion to determine that such a cursory argument [does] not sufficiently articulate how the testimony reasonably established a motive to fabricate. . . . [It is] within the discretion of the military judge to conclude that the offered testimony was not relevant." Id. at 225. The burden is on the appellant to prove why the M.R.E. 412 prohibition should be lifted. Id.

Appellant's theory of admission was that SR, having lied to Appellant about her prior sexual misconduct with an enlisted member of the Coast Guard, demonstrated a propensity to lie about her sex life generally and in particular to make false allegations to law enforcement authorities to conceal her own sexual misconduct. Appellant argues that SR's misconduct also included engaging in consensual sexual activities with Appellant in the Cadet barracks. Therefore, Appellant argues, he had a constitutional right to cross-examine SR about her prior sexual conduct, notwithstanding the general prohibition on such examination enshrined in M.R.E. 412.

The problem for Appellant is that his theory of admission is too far-fetched to pass constitutional and M.R.E. 403 muster.

First, SR had no obligation to tell Appellant about her sexual life and misconduct.  It does not logically follow that someone who would lie to protect her privacy from a probing acquaintance would lie to the police and commit perjury.  Second, it was SR herself who reported her sexual contact with Appellant; this cuts against Appellant's theory that SR would lie to conceal her own misconduct.  Third, to support this theory of admission the members needed to know that SR had "lied" to Appellant about her sexual misconduct; they did not need to know the details of the prior sexual conduct.  This much the military judge permitted.

In my view, Appellant might have a different appellate case if he had argued to this Court that members needed to know the nature of "the secret" in order to assess beyond a reasonable doubt whether SR might succumb to pressure to protect the secret.  This alternative theory was not the basis of Appellant's appeal before this Court.  In any event, it should be noted that the military judge rejected this theory at trial, his conclusions of law stating:

> While the importance of her secret would be relevant in this fashion, I do not think that the members would need to know the specifics.  At the Article 39(a) session, the Government offered a generic formulation that would impress upon the members the seriousness of the secret.  In essence, the members could be informed that the secret was information that if revealed could have an adverse impact on her Coast Guard career, including possibly disciplinary action under the UCMJ.

2

Reasonable judges might disagree on whether additional detail about "the secret" was needed for members to fairly assess whether this Coast Guard cadet was coerced into sexual conduct to safeguard that secret.  But I am not persuaded that it was plain error.  The military judge informed the members that the secret exposed the witness to criminal liability and violated academy regulations.  This is the very sort of balancing military judges are supposed to conduct when they weigh an accused's rights and a victim's privacy under M.R.E. 412.

United States v. Smith, No. 08-0719/CG

ERDMANN, Judge, with whom EFFRON, Chief Judge, joins
(concurring in part and dissenting in part):

While I concur with the majority opinion as to the
jurisdictional issue raised by the Government, I respectfully
dissent from the majority's conclusion as to the granted issue.
In a case where credibility of the complainant was fundamental,
the military judge prevented the defense from presenting to the
panel an explanation of the circumstances that would have
provided a motive for the complainant to make a false allegation
of rape.

## Background

Cadet Webster Smith was initially charged with twenty-two
specifications, the majority of which related to his sexual
relationships with female cadets at the United States Coast
Guard Academy.  Eleven of those charges were dismissed before
trial.  At a general court-martial composed of members, Smith
was found not guilty of six of the remaining charges.  Contrary
to his pleas, the members found him guilty of absence without
leave, attempted failure to obey a lawful order, sodomy,
extortion, and indecent assault.  The sodomy, extortion, and
indecent assault charges arose out of allegations made by SR, a
female cadet.

In this appeal, Smith asserts that the military judge erred
by preventing him from fully cross-examining SR as to her motive

and credibility in violation of his Sixth Amendment right to confrontation and the "constitutionally required" exception to Military Rule of Evidence (M.R.E.) 412.  M.R.E. 412(b)(1)(C).  At trial the defense filed a motion pursuant to M.R.E. 412 requesting permission to cross-examine SR about her alleged statements to Smith concerning a prior sexual encounter she had with an enlisted servicemember.  The factual basis for the motion was summarized by the military judge in his findings of fact:

> During the summer training program at the start of their first class year, Cadet Smith and [SR] were both assigned to patrol boats that moored at Station Little Creek.  Both lived in barracks rooms at the Station.  In May 2005, Cadet Smith approached [SR] to inform her that he was hearing rumors from the enlisted personnel assigned to the Station that she had a sexual encounter with an enlisted member assigned to the Station.  [SR] told him that this was true, but that it was not a consensual encounter.  Cadet Smith then informed the enlisted personnel who were spreading the rumors that the conduct was not consensual.

> On or about 19 October 2005, Cadet Smith again approached [SR].  He told her that he had remained in contact with some of the enlisted personnel assigned to Station Little Creek and that the rumors surrounding her sexual encounter with the enlisted man had continued.  This time she told him that the incident with the enlisted man had been a consensual encounter and that the scope of the encounter had been greater than she had previously described.

> At the Article 32 hearing, [SR] merely stated that she had confided a secret to Cadet Smith.  In her 15 February 2006 statement, she merely stated that a situation occurred which led to rumors.  On both occasions, she went on to state that on October 19th,

2

she was concerned enough that Cadet Smith would expose this secret that she agreed to pose for a picture with him in which both of them were nude, and later that night allowed him to perform cunnilingus on her then she performed fellatio on him.

In the defense motion, Smith argued that the evidence was constitutionally required because "[t]he fact that the alleged victim lied to Cadet Smith about her sexual activity and has misled CGIS about that activity tends to show the alleged victim as untruthful about her sexual conduct generally and specifically has motive to lie about the specific sexual rumors underlying the charge -- the very issue before the trier of fact."

The Government opposed the admission of the evidence arguing that the substance of SR's secret was not relevant, material, or vital to Smith's defense. In denying the motion the military judge concluded that: while the evidence was relevant, the members did not need to know the specifics, but could be provided with a non-specific summary;[1] although the evidence could show that SR had a propensity to bring false accusations against men with whom she had consensual sexual encounters, the evidence was not strong since the source of the allegation, Smith, was biased; there was a significant

_____

[1] The military judge found that "the members could be informed that the secret was information that if revealed could have an adverse impact on [SR's] Coast Guard career, including possibly disciplinary action under the UCMJ."

difference between SR making a false allegation to Smith and making a false allegation to law enforcement authorities; and the probative value of the evidence was outweighed by the danger of unfair prejudice.

The United States Coast Guard Court of Criminal Appeals affirmed the findings and sentence. United States v. Smith, 66 M.J. 556, 563 (C.G. Ct. Crim. App. 2008). We review a military judge's decision to admit or exclude evidence for an abuse of discretion. United States v. Ayala, 43 M.J. 296, 298 (C.A.A.F. 1995). In doing so, we review findings of fact under the clearly erroneous standard and conclusions of law under the de novo standard. Id.

Discussion

The evidence at issue was proffered to attack SR's credibility by establishing that she had earlier made a false allegation of a nonconsensual sexual encounter to protect her Coast Guard career. Before addressing the M.R.E. 412 issue, it is worth noting that there is some question as to whether M.R.E. 412 even applies to this type of evidence. The Drafters' Analysis to M.R.E. 412 states "[e]vidence of past false complaints of sexual offenses by an alleged victim of a sexual offense is not within the scope of this Rule and is not objectionable when otherwise admissible." Manual for Courts-Martial, United States, Analysis of the Military Rules of

4

Evidence app. 22 at A22-36 (2008 ed.).[2]  However, given the posture of this case on appeal, and assuming that M.R.E. 412 does apply, the evidence is clearly admissible under the M.R.E. 412 analysis.

1. Objections Under M.R.E. 412

"[A] criminal defendant states a violation of the Confrontation Clause by showing that he was prohibited from engaging in otherwise appropriate cross-examination designed to show a prototypical form of bias on the part of the witness, and thereby 'to expose to the jury the facts from which jurors . . . could appropriately draw inferences relating to the reliability of the witness.'"  Delaware v. Van Arsdall, 475 U.S. 673, 680 (1986) (citing Davis v. Alaska, 415 U.S. 308, 318 (1974)). "[E]xposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination."  Id. at 678-79.  "The question is whether '[a] reasonable jury might have received a significantly different impression of [the witness's] credibility had [defense counsel] been permitted to pursue his proposed line of cross-examination.'"  United States v. Collier, 67 M.J. 347, 352

---

[2] See also Fed. R. Evid. 412 advisory committee's note on proposed 1994 amendment ("Evidence offered to prove allegedly false prior claims by the victim is not barred by Rule 412. However, the evidence is subject to the requirements of Rule 404.").

(C.A.A.F. 2009) (brackets in original) (quoting Van Arsdall, 475 U.S. at 680).

"M.R.E. 412 was intended to protect victims of sexual offenses from the degrading and embarrassing disclosure of intimate details of their private lives while preserving the constitutional rights of the accused to present a defense." United States v. Banker, 60 M.J. 216, 219 (C.A.A.F 2004). There are, however, three exceptions to the exclusionary provisions of M.R.E. 412. Smith relied on the third exception that requires the admission of evidence "the exclusion of which would violate the constitutional rights of the accused." M.R.E. 412(b)(1)(C). "This exception addresses an accused's Sixth Amendment right of confrontation and Fifth Amendment right to a fair trial." Banker, 60 M.J. at 221 (citations omitted) (emphasis added). Banker requires that "where evidence is offered pursuant to this exception, it is important for defense counsel to detail an accused's theory of relevance and constitutional necessity." 60 M.J. at 221. Smith's counsel did just that in this case.

2. Relevance and Materiality

In order to properly determine whether evidence is admissible under the constitutionally required exception the military judge must evaluate whether the proffered evidence is relevant, material, and favorable to the defense. Id. at 222. "[T]he relevancy portion of this test is the same as that

employed for the other two exceptions of the rule," which is that "[e]vidence is relevant if it has 'any tendency to make the existence of any fact . . . more probable or less probable than it would be without the evidence.'  M.R.E. 401."  Id. at 222. The proffered evidence could have impacted SR's credibility by allowing the defense to provide a commonsense explanation for SR to give false testimony.  That is, when SR learned of the investigation of Smith for alleged sexual offenses, she became concerned that the investigation would produce allegations that she had engaged in prohibited sexual activity[3] with Smith in their dormitory at the Coast Guard Academy, thereby jeopardizing her own career.  Thus, she fabricated the charges against Smith to protect her career, as she had in the past for the same reason.  The military judge found that the evidence would be relevant and I agree.

Having found the evidence relevant, the next step for the military judge was to determine whether the evidence was "material and favorable to the accused's defense, and thus whether it is 'necessary'."  Id. at 222 (citing United States v. Williams, 37 M.J. 352, 361 (C.M.A. 1993)).

---

[3] Pursuant to Regulations for the Code of Cadets 4-5-05.a.3, sexual conduct is prohibited on Coast Guard Academy installations even if it is between consenting cadets.  Cadets found guilty of consensual sexual misconduct can be disenrolled. Id. at 4-5-05.a.4.

> In determining whether evidence is material, the
> military judge looks at "the importance of the issue
> for which the evidence was offered in relation to the
> other issues in this case; the extent to which this
> issue is in dispute; and the nature of the other
> evidence in the case pertaining to this issue."

Id. (quoting United States v. Colon-Angueira, 16 M.J. 20, 26

(C.M.A. 1983)).

There can be no dispute that testing the credibility of a

witness through cross-examination is crucial to the right of

confrontation.

> A more particular attack on the witness' credibility
> is effected by means of cross-examination directed
> toward revealing possible biases, prejudices, or
> ulterior motives of the witness as they may relate
> directly to issues or personalities in the case at
> hand.  The partiality of a witness is subject to
> exploration at trial, and is "always relevant as
> discrediting the witness and affecting the weight of
> his testimony."  3A J. Wigmore, Evidence § 940, p. 775
> (Chadbourn rev. 1970).  We have recognized that the
> exposure of a witness' motivation in testifying is a
> proper and important function of the constitutionally
> protected right of cross-examination.

Davis v. Alaska, 415 U.S. 308, 316 (1974) (citation omitted).

As in United States v. Dorsey, 16 M.J. 1, 7 (C.M.A. 1983),

this was a "he said -- she said" case and for the charges at

issue in this appeal,[4] the critical question for the members was

the credibility of the sole prosecution witness.  Evidence of a

motive to fabricate and that SR had alleged that an earlier

consensual sexual encounter was nonconsensual in an attempt to

---

[4] Sodomy, extortion, and indecent assault.

protect her career bears directly on SR's credibility as to the allegations she made against Smith. It may have shown that SR had a propensity to lie about consensual sexual encounters when her career was on the line. The materiality of this evidence is not the "lurid nuances of the victim's sexual past" as noted by the majority, but rather the allegation that SR had previously lied about a sexual encounter under similar circumstances.

3. Balancing

Once the military judge has determined that the proffered evidence is relevant and material, the military judge must undertake the M.R.E. 412 balancing test to determine if the evidence is favorable to the accused's defense.[5] Banker, 60 M.J. at 222. The term favorable is synonymous with vital. Id. "[W]hen balancing the probative value of the evidence against the danger of unfair prejudice under M.R.E. 412, the military judge must consider . . . factors such as confusion of the issues, misleading the members, undue delay, waste of time,

---

[5] Commentators have noted that the "constitutionally required" exception may be unnecessary since once it is established that the evidence is constitutionally required, there can be no further limitation on its admission. See 1 Stephen A. Saltzburg et al., Military Rules of Evidence Manual § 412.02[4], at 4-194 (6th ed. 2006) ("Any limitation on a constitutional right would be disregarded whether or not such a Rule existed."); Christopher B. Mueller & Laird C. Kirkpatrick, Federal Evidence § 4:81, at 306 (3d ed. 2007) ("The exception is arguably unnecessary because Fed. R. Evid. 412 is subordinate to the Constitution anyway, but perhaps including it diminishes the sense of conflict between the two legal standards.").

needless presentation of cumulative evidence, [and] also prejudice to the victim's legitimate privacy interests." Id. at 223. The M.R.E. 412 balancing test weighs in Smith's favor. Under the circumstances of this case, any risk of confusion of the issues, misleading the members, wasting time, or presenting cumulative evidence was minimal and is outweighed by the high probative value of this evidence.

In Dorsey the court found evidence favorable when it "undermined the credibility of the sole prosecution witness who directly testified to appellant's guilt of the charged offense." Dorsey, 16 M.J. at 7. In a similar fashion, admission of a prior false allegation of a nonconsensual sexual encounter could have undermined the credibility of SR, the only witness who testified against Smith on the extortion, sodomy, and indecent assault charges.

While the evidence of SR's earlier allegation of a false nonconsensual sexual encounter and her subsequent admission that the encounter was consensual would have impacted her privacy interests, withholding this constitutionally required evidence from the panel deprived Smith of his best opportunity to provide a motive for SR's allegations and to challenge her credibility. The fact that the military judge allowed the panel to hear that SR had a secret that, if revealed could have an adverse impact on her Coast Guard career, including possibly disciplinary

10

action under the UCMJ, was simply not sufficient. With this limited information about SR's secret, the members were left to speculate whether the secret was a minor disciplinary infraction or a more serious charge, but they had no idea that the proffered evidence directly implicated SR's motive and credibility.[6]

In Collier this court found the military judge erred in limiting cross-examination of the complaining witness for possible bias. Collier, 67 M.J. at 349. There, the defendant attempted to establish bias by presenting evidence of the existence of a romantic relationship that ended badly between the accused and the complaining witness. Id. at 351. The military judge only allowed cross-examination as to the "breakup of a friendship." Id. at 351-52. This court found that there was a qualitative difference between the two situations and if the members had been shown evidence of the romantic relationship they might have had a significantly different impression of the accusing witness' credibility. Id. at 352, 353. Similarly, there is a qualitative difference between an undisclosed

---

[6] Trial counsel illustrated the range of incidents that the members could have speculated on when, at one point during his argument on the motion, he stated that while the existence of the secret was extremely relevant, the content of the secret was not. Trial counsel argued, "[t]he extortion charge is that there was a secret. It doesn't matter if that secret was whether she liked Smarties. It doesn't matter if she had committed some other felony . . . ."

situation that "could have had an adverse impact on [SR's] Coast Guard career" and an allegation that SR had previously made a false allegation of a nonconsensual sexual encounter to protect her career.

While the military judge found that the evidence was not strong because it came from Smith, who had an obvious bias, it is well established that "[t]he weight and credibility of the . . . witness are matters for the members alone to decide." United States v. Moss, 63 M.J. 233, 239 (C.A.A.F. 2006) (citing United States v. Bins, 43 M.J. 79, 85 (C.A.A.F. 1995)). The court in Banker noted that the role of the military judge is to assure that the evidence meets the usual evidentiary standards. Banker, 60 M.J. at 224 (citing United States v. Platero, 72 F.3d 806, 812 (10th Cir. 1995)). The court in Platero went on to say, "when the Judge decides whether or not a defense is true or false and decides that on the basis of the credibility of the witnesses, the Judge is doing what the jury is supposed to do in a serious criminal case covered by the Sixth Amendment." Platero, 72 F.3d at 812.

Smith had a commonsense explanation for SR's claim that the sexual activity was nonconsensual and the military judge's ruling prevented the members from considering this theory. The alleged false accusation was close in time to the allegation made against Smith, both allegations involved military members

12

and both situations presented a motive for SR to lie about the consensual nature of her sexual activities to protect her career.  Putting aside the fact that M.R.E. 412 may not even apply to this type of evidence, I would conclude that the evidence should have been admitted under M.R.E. 412.  I would further find that the error was not harmless beyond a reasonable doubt as it essentially deprived Smith of his best defense and "the excluded evidence may have tipped the credibility balance in [Smith's] favor."  Moss, 63 M.J. at 239.

I would reverse the decision of the United States Coast Guard Court of Criminal Appeals and set aside the findings and sentence for Additional Charge I, Specification 1 of Additional Charge II, and Additional Charge III, and remand the case for further proceedings, if any.