# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

## Airman First Class BRITTANY N. OLSON
### United States Air Force

## ACM S32034 (rem)

## 18 March 2014

Sentence adjudged 28 November 2011 by SPCM convened at Joint Base Andrews, Maryland. Military Judge: Joshua Kastenberg.

Approved Sentence: Bad-conduct discharge, confinement for 4 months, forfeiture of $978.00 pay per month for 3 months, and reduction to E-1.

Appellate Counsel for the Appellant: Major Scott W. Medlyn; Captain Jeffrey A. Davis; and Dwight H. Sullivan, Esquire.

Appellate Counsel for the United States: Colonel Don M. Christensen; Lieutenant Colonel C. Taylor Smith; Major Rhea A. Lagano; and Gerald R. Bruce, Esquire.

Before

ROAN, HARNEY, and MITCHELL
Appellate Military Judges

OPINION OF THE COURT

This opinion is subject to editorial correction before final release.

HARNEY, Senior Judge:

A panel of officers sitting as a special court-martial convicted the appellant, contrary to her pleas, of one specification of dereliction of duty; one specification of spoilage of personal property; one specification of wrongful possession of ketamine; and one specification of larceny, in violation of Articles 92, 109, 112a, and 121, UCMJ, 10 U.S.C. §§ 892, 909, 912a, and 921. The members sentenced the appellant to a bad-conduct discharge, confinement for 4 months, forfeiture of $978.00 pay per month for 4 months, and reduction to E-1. The convening authority approved only so much of the

sentence as provided for a bad-conduct discharge, confinement for 4 months, forfeiture of $978.00 pay per month for 3 months, and reduction to E-1. The appellant argues the military judge erred by denying her motion to suppress a search of her home because her consent was involuntary.

On 11 September 2013, we issued a decision denying the appellant relief. *United States v. Olson*, ACM S32034 (A.F. Ct. Crim. App. 11 September 2013) (unpub. op.). The appellant then filed a petition for review with the Court of Appeals for the Armed Forces. On 3 December 2013, that Court granted the appellant's petition for review of the issue of whether the Court of Criminal Appeals panel that reviewed the case was properly constituted.. *United States v. Olson*, __ M.J. ___, No. 14-0166/AF (Daily Journal 3 December 2013). In the same order, the Court set aside our decision and remanded the case for further review and consideration of the panel constitution under Article 66(c), 10 U.S.C. § 866(c*). Id.*

Our decision today reaffirms our earlier decision dated 11 September 2013.

*Background*

The appellant's supervisor contacted the Air Force Office of Special Investigations (AFOSI) in August 2011, alerting agents that the appellant's civilian husband was involved in illegal drug activity. Upon doing some research, the AFOSI learned that the appellant's husband had been arrested the previous December on drug charges. Concerned that he may be distributing drugs on base, the AFOSI called the appellant to their office to discuss her husband's prior arrest and their concerns.

When the appellant arrived at the AFOSI building, the agents brought her to a conference room. They asked her to leave her cell phone outside the room, and she complied. The agents emphasized to the appellant they were investigating her husband, not her, and did not provide her a rights advisement. When asked if she was aware her husband had been arrested on drug charges, the appellant said she was not and became emotional. She asked to call her husband, but the agents dissuaded her from doing so. When the agents asked the appellant for consent to search the marital home, she hesitated. After a two-hour round of discussions, which included a smoke break, the appellant consented to the search. The appellant then drove by herself to her off-base house, where she met the agents. The search revealed evidence that led to the appellant's own interrogation and confession.

One of the AFOSI agents took the smoke break with the appellant. He testified, "I told her that it's just a consent to search her house; we weren't looking at her we were looking at her husband, and she didn't have to sign it." He also told the appellant "if she hadn't done anything wrong that [sic] she had nothing to worry about."

The appellant testified that the AFOSI agents gave her an ultimatum:

> They said that I would have to either sign the form or they would - we would wait there until a magistrate signed off on it, and I did not know what a magistrate was at the time so I asked him what it was and he went on to elaborate that it was a judge that would sign off on the search warrant.

Each agent, however, denied making such a statement.

Before trial, the trial defense counsel moved to suppress the search and all derivative evidence, including the confession, arguing the appellant's consent was involuntary. The military judge denied the motion, finding the consent voluntary after applying the totality of the circumstances test from *United States v. Wallace*, 66 M.J. 5, 9 (C.A.A.F. 2008).

*Voluntariness of Consent to Search*

We review a military judge's denial of a motion to suppress for an abuse of discretion. *United States v. Rader*, 65 M.J. 30, 32 (C.A.A.F. 2007). Findings of fact and conclusions of law are reviewed under the clearly erroneous and de novo standards, respectively. *Id.* "In reviewing a ruling on a motion to suppress, [this Court] consider[s] the evidence 'in the light most favorable to the' prevailing party." *United States v. Reister*, 44 M.J. 409, 413 (C.A.A.F. 1996) (quoting *United States v. Kitts*, 43 M.J. 23, 28 (C.A.A.F. 1995)).

We determine the voluntariness of consent from all the circumstances. Mil. R. Evid. 314(e)(4); *Schneckloth v. Bustamonte*, 412 U.S. 218, 227 (1973) (applying a totality of the circumstances test). To determine if consent is voluntary, we consider the following non-exhaustive factors: (1) the degree to which the suspect's liberty was restricted; (2) the presence of coercion or intimidation; (3) the suspect's awareness of his right to refuse based on inferences of the suspect's age, intelligence, and other factors; (4) the suspect's mental state at the time; (5) the suspect's consultation, or lack thereof, with counsel; and (6) the coercive effects of any prior violations of the suspect's rights. *Wallace*, 66 M.J. at 9 (citing *United States v. Murphy*, 36 M.J. 732, 734 (A.F.C.M.R. 1992)).

We have applied the six-part test from *Wallace* and find the appellant's consent to the search of her home was voluntary. First, the appellant did not face any restrictions on her liberty. She was not escorted to AFOSI, and while at AFOSI she was free to leave at any time and given a smoke break upon request. Although the AFOSI asked the appellant to provide her cell phone, she was able to retrieve it later. The appellant and the AFOSI also traveled by separate cars to her home after she consented to the search.

These same facts also convince us that the AFOSI did not create a coercive atmosphere or otherwise intimidate the appellant. Nevertheless, the appellant argues that the military judge erred by not resolving whether the agents told the appellant they would obtain a warrant from a magistrate if she did not consent. We disagree. The military judge found that only the appellant testified under oath that this statement was made. The AFOSI agents denied making such a statement. From the evidence, the judge concluded that "[w]hether or not this statement was made, the [appellant] may have inferred or deduced that this statement was made or was the case based on the surrounding circumstances and her own knowledge of law enforcement." In our view, the military judge concluded that the appellant *may have thought* the AFOSI told her they would seek a warrant absent her consent. Viewing this in light of other factors, the judge concluded that the agents did not "threaten" or "bully" the appellant into providing consent.

Additionally, the facts show that the appellant knew she could refuse consent. She testified that she "wanted time to think about it" before making a decision. She also testified she had a chance to read the AF IMT 1364, "Consent for Search and Seizure" form before signing, acknowledged that she understood it, and agreed that it stated, "I know that I have the legal right to either consent to a search or to refuse to give my consent." Likewise, the appellant's mental state was such that she was able to act rationally. Although the appellant was upset upon learning that her husband had been arrested on drug charges, the facts show that she asked for a break, read and understood the consent form, and drove home in her own vehicle.

Finally, the military judge ruled that there were no prior violations of the appellant's rights, but expressed concern about whether the AFOSI should have read the appellant her Article 31 rights as a suspect. The judge concluded that the AFOSI should have done so, given her marriage to a civilian suspected of drug distribution on base. Even so, the judge found that the AFOSI did not engage in a "subterfuge" and ultimately concluded that this was "but one factor for the court to consider under the totality of the circumstances."[1]

Viewed in light of the totality of the circumstances, we find the appellant's consent was voluntary. The military judge did not abuse his discretion and the record supports his decision.

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c).

---

[1] The military judge found that inevitable discovery did not apply in this case.

Accordingly, the approved findings and sentence are

AFFIRMED.



FOR THE COURT

STEVEN LUCAS
Clerk of the Court