CORRECTED COPY

# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
BERGER, CAMPANELLA, and FLEMING
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class JEFFREY G. EUGENE**
**United States Army, Appellant**

ARMY 20160438

Headquarters, 25th Infantry Division
Colonel Mark A. Bridges, Military Judge
Colonel Ian R. Iverson, Staff Judge Advocate

For Appellant: Captain Daniel C. Kim, JA (argued); Lieutenant Colonel Christopher D. Carrier, JA; Major Julie L. Borchers, JA; Captain Daniel C. Kim, JA (on brief).

For Appellee: Captain Marc B. Sawyer, JA (argued); Colonel Tania M. Martin, JA; Major Michael E. Korte, JA; Captain Catharine M. Parnell, JA; Captain Marc B. Sawyer, JA (on brief).

28 February 2018

---------------------------------
MEMORANDUM OPINION
---------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

BERGER, Chief Judge:

This case is before us for review under Article 66, UCMJ. A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of two specifications of attempted viewing of child pornography and four specifications of attempted sexual abuse of a child in violation of Article 80, Uniform Code of Military Justice, 10 U.S.C. § 880 (2012 & Supp. I 2014). The convening authority approved the adjudged sentence of a dishonorable discharge, confinement for twenty-six months, and reduction to the grade of E-1. This court specified three

issues relating to appellant's single assignment of error, arising out of the warrantless search of his cellphone.[1]  Oral argument was held on these issues.[2]

First, we find appellant's wife lawfully authorized the search of appellant's cellphone.  Second, we hold the military judge did not abuse his discretion in determining appellant's request that his cellphone be returned did not amount to withdrawal of consent to search based on the totality of the circumstances.  Third, we find, even if consent had been withdrawn, the inevitable discovery doctrine would apply.  We therefore affirm.

## BACKGROUND

On 1 June 2015, appellant went to a field exercise with his unit on Schofield Barracks, Hawaii.  Prior to going to the field exercise, appellant gave his cellphone to his wife, Mrs. BE.  He gave her the cellphone both so she could pay bills and also because he was not allowed to take the cellphone to the field.  Appellant previously allowed Mrs. BE to register her fingerprint on the phone, and he never placed any restrictions on her use of the cellphone.

On 2 June, Mrs. BE accessed the cellphone in order to retrieve a code to pay rent.  While on the cellphone, she accessed the Kik messenger application.  The application was clearly displayed and was accessible without a password.  Mrs. BE discovered communications with other females, including conversations, nude pictures, and videos.  Mrs. BE engaged with some of the females through the Kik messenger.  In Kik messenger conversations with appellant and with Mrs. BE, two of the females stated they were fourteen years old, and another stated she was sixteen years old.  Mrs. BE contacted appellant's platoon sergeant, to whom she forwarded some of the conversations and pictures.  The platoon sergeant forwarded some of the conversations to the company first sergeant, and he advised Mrs. BE to go to the Military Police (MP) Station.

The MPs directed Mrs. BE to the Schofield Barracks Criminal Investigation Command (CID) office.  There, she met Special Agent (SA) GN, who had already been briefed by the MPs and was aware Mrs. BE had found nude pictures of apparent

---

[1] After due consideration, we find the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), do not merit relief.

[2]  Oral argument in this case was heard in Boston, Massachusetts, on 11 January 2018 at the New England Law Boston* as part of the Outreach Program of the United States Army Court of Criminal Appeals.

\* Corrected

2

underage females on appellant's phone. After learning appellant voluntarily turned over possession of his cellphone to Mrs. BE, that she had fingerprint access to the phone, and that she had accessed the communications and images, SA GN obtained Mrs. BE's written consent to both seize and search the cellphone. Additionally, SA GN obtained Mrs. BE's sworn statement, where she corroborated the information about apparent underage girls described above.

On 2 June, SA GN conducted a logical extraction of the cellphone that did not uncover any evidence relating to the Kik messenger application. On 3 June, SA GN interviewed the platoon sergeant and the first sergeant, both of whom corroborated that they had seen sexual communications with apparent underage girls, including images and/or videos, sent by Mrs. BE from appellant's phone.

On 5 June, SA GN interviewed appellant. During the approximately three-hour interview, appellant admitted to communication with underage girls on the Kik application, including receipt of naked and masturbation pictures and videos and transmission of naked pictures of himself. After the interview, appellant requested that his cellphone be returned. SA GN denied that request.

CID subsequently conducted a forensic examination of the cellphone, without obtaining a warrant. This later, more thorough, search yielded additional evidence that formed the basis of the charged misconduct. The conversations Mrs. BE discovered were not included in the charged misconduct.

During his court-martial, appellant filed a motion to suppress the results of the forensic extraction. Appellant's primary argument on appeal is the military judge erred by concluding appellant's request that his phone be returned did not amount to a withdrawal of consent to search.

## LAW AND ANALYSIS

### *Standard of Review*

We review a military judge's evidentiary ruling on a motion to suppress for an abuse of discretion. *United States v. Rader*, 65 M.J. 30, 32 (C.A.A.F. 2007) (citing *United States v. Khamsouk*, 57 M.J. 282, 286 (C.A.A.F. 2002)). We review findings of fact for clear error and conclusions of law de novo. *United States v. Gallagher*, 66 M.J. 250, 253 (C.A.A.F. 2008). Evidence is considered in the light most favorable to the prevailing party. *United States v. Leedy*, 65 M.J. 208, 213 (C.A.A.F. 2007). Under the abuse of discretion standard, "[t]he challenged action must be 'arbitrary, fanciful, clearly unreasonable, or clearly erroneous.'" *United States v. Baker*, 70 M.J. 283, 287 (C.A.A.F. 2011) (quoting *United States v. White*, 69 M.J. 236, 239 (C.A.A.F. 2010)).

*Consent to Seize and Search*

"The ultimate touchstone of the Fourth Amendment is 'reasonableness.'" *Brigham City v. Stuart*, 547 U.S. 398, 403 (2006). "[A] search conducted without a warrant issued upon probable cause is per se unreasonable . . . subject only to a few specifically established and well-delineated exceptions." *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973) (internal quotations and citations omitted). A search conducted with consent is one such exception. *United States v. Hoffmann*, 75 M.J. 120, 124 (C.A.A.F. 2016). This exception extends to the consent of a third party who possesses common authority over the premises or effects to be searched. *Rader*, 65 M.J. at 32. Someone has common authority where he has "joint access or control for most purposes, so that it is reasonable to recognize . . . the right to permit the inspection in his own right and that the others have assumed the risk that one of their number might permit the search." *Id.* at 33 (quoting *United States v. Matlock*, 415 U.S. 164, 171 (1974)). A search may also be upheld where a third party has apparent authority—that is, where law enforcement reasonably believes that party has actual authority. *Gallagher*, 66 M.J. at 253.

Here, the military judge found appellant previously authorized Mrs. BE to use his cellphone, permitted her to register her fingerprint to allow access to the contents, and provided her with the phone on this occasion not only because he was not permitted to take it to the field, but also so she could pay bills. The military judge further determined SA GN knew at the time Mrs. BE provided her consent that appellant had given Mrs. BE exclusive possession of the cellphone and that she had accessed the cellphone via her registered fingerprint. The military judge concluded the government established by clear and convincing evidence that Mrs. BE possessed common authority over the cellphone and could therefore lawfully authorize its seizure and search. We find the military judge's findings are supported by law and fact.

*Withdrawal of Consent to Seize*

An appellant cannot withdraw consent to seize after seizure is complete. Military Rule of Evidence (Mil. R. Evid.) 314(e)(4), which governs the voluntariness of consent searches, states "[c]onsent may . . . be withdrawn at any time." The phrase "any time" suggests no expiration, but our higher court has provided a terminus: "Consent . . . may be withdrawn at any time, provided of course that the search has not already been conducted." *United States v. Dease*, 71 M.J. 116, 120 (C.A.A.F. 2012). Mil. R. Evid. 316(d)(2) states the consent requirements of Mil. R. Evid. 314 apply to consent seizures. The same reasoning therefore applies, and consent may be withdrawn at any time, provided that the seizure has not already been completed.

4

"A seizure of property occurs when there is some *meaningful* interference with an individual's possessory interests in that property." *Hoffmann*, 75 M.J. at 124 (internal quotation marks and citation omitted). This requires law enforcement to exercise a fair degree of dominion and control over the property. *United States v. Jacobsen*, 466 U.S. 109, 120 (1984). Here, meaningful interference occurred on 2 June, when appellant's wife consented to seizure of the cellphone and provided it to CID. The seizure was therefore complete. Under the facts of this case, we find appellant's 5 June request that his phone be returned was too late to constitute legal withdrawal of consent to seize.

*Withdrawal of Third-Party Consent to Search*

Appellant argues that he withdrew his wife's third-party consent, which begs the question: can one individual withdraw another person's consent, at least where he has a greater property interest in the evidence being searched? This appears to be a matter of first impression in this court.

Military Rule of Evidence 314(e)(4) states "[c]onsent [to search] may be limited in any way *by the person granting consent* . . . and may be withdrawn at any time." (emphasis added). Neither this rule nor any other specifically addresses whether one person can withdraw another person's consent. Likewise, we have found no binding precedent from our superior court.

On the one hand, cases upholding searches based on third-party consent imply an appellant cannot revoke third-party consent. For example, in *United States v. Weston*, our superior court upheld as reasonable the search of a dwelling based on a spouse's consent that was granted *after* the appellant explicitly nonconsented. 67 M.J. 390, 391 (C.A.A.F. 2009). This is one of many cases that distinguish *Georgia v. Randolph*, 547 U.S. 103 (2006), confirming law enforcement can rely on the consent of one person with common authority, even over the express objection of another person, as long as that objection is not contemporaneous. Such cases imply that, except for the contemporaneous objection scenario, one person's consent is enough.

On the other hand, our superior court has held that an appellant retains a privacy interest in property with evidentiary value even after it has been seized. *See Dease*, 71 M.J. at 120-21. If an appellant retains a privacy interest even after law enforcement lawfully and meaningfully interferes with an individual's possessory interest in his property, surely the same appellant retains a privacy interest when a third party meaningfully interferes with the same interest.

We find the second of these competing arguments is more persuasive. We recognize there is tension between this conclusion and *Weston*. As our holding suggests, *Weston* may have resulted in a different outcome if appellant had voiced

his objection a second time after his wife consented to the search.  That said, we do not extinguish the possibility that there may exist a situation in which a review of the totality of the circumstances may allow for withdrawal of third-party consent to search personal property.  Such factors may include whether an appellant has a greater property interest than the other party, whether the greater property interest is known by law enforcement at the time consent is withdrawn, and the known evidentiary value of the item at the time it was seized.  We need not decide whether appellant could revoke his wife's consent to search because of our holding below.

*Withdrawal of Consent to Search*

Search and seizure are separate concepts that "necessitate separate analyses under the *Fourth Amendment*."  *United States v. Wallace*, 66 M.J. 5, 8 (C.A.A.F. 2008).  "If searches and seizures are separate concepts, consent to one is not, without more, consent to the other; similarly, revoking consent to one does not of itself revoke consent to the other."  *Id.*  Furthermore, individuals can retain a privacy interest in property such as bodily fluids and computer hard drives, items "whose evidentiary value is unknown until it is examined by forensic experts," after that property has been seized but before forensic analysis.  *Dease*, 71 M.J. at 120-21.  Here, even though seizure was complete, appellant continued to retain a privacy interest in the contents of his cellphone at the time of his 5 June request that it be returned.

Nonetheless, after receiving written consent to search property, law enforcement "is entitled to clear notice that this consent has been withdrawn."  *United States v. Stoecker*, 17 M.J. 158, 162 (C.M.A. 1984).  The standard for withdrawal of consent "is that of objective reasonableness -- what would the typical reasonable person have understood by the exchange between the officer and the suspect?"  *Wallace*, 66 M.J. at 8 (internal quotation marks and citation omitted).

The military judge found appellant's request that his cellphone be returned did not amount to withdrawal of consent to search.  The military judge stated instead that "it appears the accused wanted the phone back, most likely so he could continue to use it."  We note appellant waived his rights and made a lengthy incriminating sworn statement as part of an approximately three-hour interview.  In that statement, he acknowledged there were nude pictures of minors and masturbation videos of minors on his cellphone, which he received through the Kik messenger application.  Appellant provided his phone number, Kik messenger name, Kik messenger password, and email address to the agent who interviewed him.  Our review of the evidence does not indicate appellant ever asked that his cellphone not be searched.

Under the totality of the circumstances in this case, the typical reasonable person would understand appellant's request that his phone be returned as merely an attempt to regain control over his personal property for personal convenience.

Under these facts, we hold that the military judge's finding was not clearly erroneous, and we therefore affirm.

Additionally, we note that appellant testified in a suppression hearing as to the reason he asked for his phone back:

> Q.    Why did you ask for your phone back?
>
> A.    It's my only phone and we are in the military, it is kind of hard not to have a phone.  You miss a lot of appointments and stuff.  It was my only phone.

The record is not clear as to whether this information was known to the CID agent at the time appellant requested his cellphone be returned.  But to the extent appellant conveyed similar information to the agent, this case would be remarkably similar to *Wallace*.  In that case, appellant made incriminating statements before consenting to the search and seizure of his computer, but he later objected to the computer's removal, stating:

> [The computer] has our life on it.  It has our photo albums on it.  It's got our banking on it.  All of our financial stuff is on there.  You know, I use it to do all of our bill paying and everything else.  Our online business is on there.  I was like "You can't take it."  Then my wife even started going nuts at that time.

Appellant's statement here is like that in *Wallace*.  Both suggest any request that the property be returned was out of concern for its continued use by appellant and not to withdraw consent to search.

*Inevitable Discovery*

We also find that even if appellant had withdrawn consent to search, the inevitable discovery doctrine would apply.

"The doctrine of inevitable discovery creates an exception to the exclusionary rule allowing admission of evidence that, although obtained improperly, would have been obtained by another lawful means."  *Wallace*, 66 M.J. at 10 (citing *Nix v. Williams*, 467 U.S. 431, 444 (1984)).  Under this doctrine, an unlawful search is upheld where:  1) there is "overwhelming probable cause"; and 2) "routine police procedure made discovery of the evidence inevitable."  *Id.* (citing *United States v. Owens*, 51 M.J. 204, 210-11 (C.A.A.F. 1999)).  Both conditions are met here.

7

There is overwhelming probable cause. Not only did appellant confess to exchanging messages, pictures, and videos with underage girls on the Kik messenger application on his cellphone, but his spouse, platoon sergeant and first sergeant all provided sworn statements confirming they viewed similar evidence originating from appellant's phone.

Special Agent GN testified that he would have contacted a military magistrate to get a search authorization if he believed he did not have consent, and that this was his standard operating procedure. This testimony parallels investigators' statements in *Wallace* regarding routine procedures.

We pause to note that while the evidence does not rise to the level of inferring intentional evasion of the warrant requirement by SA GN and SA ST, it is nonetheless concerning.

The military judge found that on 5 June, appellant requested his cellphone be returned. We are left to accept the military judge's factual finding in this regard.

On 15 June, SA GN acknowledged, in his Case Activity Summary notes, that he had been directed to seek a federal search warrant. This indicates investigators gave some thought to obtaining a warrant, although, the record does not indicate why investigators were thinking along these lines if they believed they possessed consent to search the phone. Further, contradicting CID's assertion that they believed they possessed consent to search appellant's phone, SA ST annotated on 16 June in the case notes that he would obtain appellant's consent to search his cellphone. Despite the CID agents' case notes, there is no evidence before us that the agents actually sought a search authorization or appellant's consent to search his cellphone—despite the fact that CID possessed the cell phone and, accordingly, no risk of evidence tampering or loss was present.

The simple practice of obtaining a search authorization in a case such as this, where no exigency is evidenced, would have extinguished the concerns noted herein.

Despite these concerns, this case falls within the holding in *Wallace*, and we are bound by that decision. We therefore arrive at the conclusion that the inevitable discovery doctrine applies. Finding no error in the military judge's denial of appellant's motion to suppress, we affirm.

## CONCLUSION

The findings of guilty and the sentence are AFFIRMED.

Senior Judge CAMPANELLA and Judge FLEMING concur.

8

EUGENE—ARMY 20160438



FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court